IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT<br>OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>TITAN WASTE SERVICES, INC.<br><br>Defendant. | CIVIL ACTION NUMBER:<br>_____<br><br>**COMPLAINT**<br><br>**WITH JURY DEMAND** |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of race (black) and to provide appropriate relief to Michael Brooks who was adversely affected by such practices. As alleged with greater particularity in paragraphs nine (9) through sixteen (16) below, the Equal Employment Opportunity Commission alleges that Titan Waste Services, Inc., ("Defendant" or "Titan Waste") subjected Michael Brooks ("Brooks") to discrimination in the form of disparate treatment in the terms and conditions of employment, racial harassment and discharge from employment because of race.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e-5(f)(1) and (3) and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Northern District of Florida, Pensacola Division.

## PARTIES

3. Plaintiff, the U.S. Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant Titan Waste Services, Inc., a Florida corporation has continuously been doing business in the State of Florida and the City of Milton, and has continuously had at least 15 employees.

5. At all relevant times, Titan Waste has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, Michael Brooks filed a charge with the Commission alleging violations of Title VII by Defendant Titan Waste.

7. All conditions precedent to the institution of this lawsuit have been fulfilled.

8. Since at least October, 2008, Titan Waste has engaged in unlawful employment practices at its Milton, Florida location, in violation of Section 703(a) of Title VII, 42 U.S.C. §2000e-2(a) and 2000e-3(a).

9. The practices include disparate terms and conditions of employment, racial harassment, and discharge of Michael Brooks ("Brooks") because of his race, Black.

10. The racial harassment included, but was not limited to, the use of racial slurs and racially derogatory insults and language by the highest level managers at the Milton facility. The harassment included taunting, the use of racial stereotypes, derogatory race descriptions and the use of the "N" word.

11. The unlawful racial harassment was unwelcome and occurred with the full knowledge of Defendant's supervisory personnel but Defendant failed to exercise reasonable care to prevent and/or correct promptly any racially harassing behavior.

12. Throughout the course of his employment, Brooks was subjected to disparate terms and conditions of employment than similarly situated white employees. The disparity in terms and conditions affected uniforms, assignments, and pay.

13. Titan Waste provided uniforms to its employees for use during the work day, but did not provide uniforms to Brooks and the other black employee.

14. Titan Waste preferred white employees in route assignments and use of company vehicles, including taking the vehicle normally assigned Brooks for use by other drivers.

15. Titan Waste compensated white drivers differently than Brooks, the sole black driver and preferred white drivers in terms of decisions affecting pay.

16. On or about October 30, 2008, Titan Waste terminated Brooks because of his race and as part of the continuing harassment. Brooks was the only driver terminated at that time by Titan Waste and was not terminated for cause.

17. The effect of the practices complained of in paragraphs nine (9) through sixteen (16) above has been to deprive Michael Brooks of equal employment opportunities and otherwise adversely affect his status as an employee because of his race, black.

18. The unlawful employment practices complained of above were intentional.

19. The unlawful employment practices complained of above were done with malice or with reckless indifference to the federally-protected rights of Michael Brooks.

## **PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Titan Waste, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from engaging in discrimination based on race, including preventing harassment based on race.

B. Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for black employees, and which eradicate the effects of their past and present unlawful employment practices.

C. Order Defendant to make whole Michael Brooks by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices complained of in paragraphs nine (9) through sixteen (16) above, including, but not limited to, any relocation expenses, job search expenses, medical expenses, in amounts to be determined at trial.

D. Order Defendant to make whole Michael Brooks by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of above in paragraphs nine (9) through sixteen (16) above, including, but not limited to, emotional pain, suffering, inconvenience, loss of enjoyment of life, humiliation, and other non-pecuniary losses in amounts to be determined at trial.

E. Order Defendant to pay Michael Brooks punitive damages for its malicious and reckless conduct described in paragraphs nine (9) through sixteen (16) above, in amounts to be determined at trial.

F. Grant such further relief as the Court deems necessary and proper in the public interest.

G. Award the Commission its costs of this action.

# JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

RESPECTFULLY SUBMITTED,

P. DAVID LOPEZ
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel
U. S. Equal Employment
Opportunity   Commission
131 M Street, N.E.
Washington, D.C.  20507

C. EMANUEL SMITH
Regional Attorney
Mississippi Bar # 7473

JULIE  BEAN
Supervisory Trial Attorney
D.C. Bar # 433292
Birmingham District Office
Ridge Park Place, Suite 2000
1130 22nd Street South
Birmingham, AL  35205
(205) 212-2045
(205) 212-2041

_____
AARRIN GOLSON
Trial Attorney
FL Bar # 892491
Equal Employment Opportunity
Commission
Miami District Office
One Biscayne Tower
2 S. Biscayne Blvd., Suite 2700
Miami, Florida 33131
(305)808-1873
(305)808-1835
aarrin.golson@eeoc.gov