UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

**EQUAL EMPLOYMENT**
**OPPORTUNITY COMMISSION,**

    **Plaintiff,**

**v.**                                            **CASE NO. 3:10cv379/MCR/EMT**

**TITAN WASTE SERVICES INC,**

    **Defendant.**
_____/

**ORDER**

    This is an employment discrimination case brought by the Equal Employment Opportunity Commission ("Plaintiff") against Titan Waste Services, Inc. ("Defendant") pursuant to Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991.  The Court directed the Clerk to enter a default against Defendant and authorized Plaintiff to file a motion for default judgment, which was to be referred to the Chief Magistrate Judge when filed.  The Clerk entered the default.  Plaintiff filed a Motion for Default Judgment (doc. 73), which was referred to the Chief Magistrate Judge.  The Chief Magistrate Judge has issued a Report and Recommendation, which is now pending before the Court (doc. 85).  Also pending is Defendant's Motion to Set Aside the Default (doc. 86), which was filed after the Chief Magistrate Judge entered her Report and Recommendation.  The facts of this case are set out in the Report and Recommendation, and the Court hereby adopts those facts and incorporates them in this Order by reference.

    The Court first addresses Defendant's Motion to Set Aside the Default.  "The court may set aside an entry of default for good cause."  Fed. R. Civ. P. 55(c).  "Good cause is a mutable standard, varying from situation to situation.  It is also a liberal one—but not so elastic as to be devoid of substance."  *Compania Interamericana Export-Import, S.A. v. Compania Dominicana de Aviacion*, 88 F.3d 948, 951 (11th Cir. 1996).  In determining whether an entry of default should be set aside, courts consider whether the default was

culpable or willful, whether setting aside the default would prejudice the other party, and whether the defaulting party has a meritorious defense. *See id.* "[T]hese factors are not 'talismanic,'" however, and courts may consider other factors, "including whether the public interest was implicated, whether there was a significant financial loss to the defaulting party, and whether the defaulting party acted promptly to correct the default." *Id.* Nonetheless, "if a party willfully defaults by displaying either an intentional or reckless disregard for the judicial proceedings, the court need make no other findings in denying relief." *Id.* at 951–52.

In this case, the Court granted defense counsel's Motion to Withdraw and gave Defendant 30 days to find substitute counsel but warned Defendant that if no counsel timely appeared on its behalf, Defendant would be subject to the entry of a default judgment. *See Palazzo v. Gulf Oil Corp.*, 764 F.2d 1381, 1385 (11th Cir. 1985), *cert. denied*, 474 U.S. 1058 (1986) ("The rule is well established that a corporation is an artificial entity that can act only through agents, cannot appear *pro se*, and must be represented by counsel."). No counsel timely appeared on Defendant's behalf, and the Clerk thus entered a default against Defendant. Plaintiff moved for default judgment, and Defendant did not respond. While the Motion for Default Judgment was pending, attorney J. Rod Cameron filed a Notice of Appearance on behalf of Defendant without leave of Court and outside of the time period for appearing. The Chief Magistrate Judge ordered Defendant to file a motion for leave to file an untimely response to the Motion for Default Judgment, with a memorandum in support. The Chief Magistrate Judge also ordered Defendant to file a proposed response to the Motion for Default Judgment. Defendant failed to file a timely motion for leave or a proposed response as required by the Chief Magistrate Judge. As a result, the Chief Magistrate Judge ordered Defendant to show cause, if any, why a default judgment in Plaintiff's favor should not be entered. Defendant ignored this Order as well. The Chief Magistrate Judge then issued a Report and Recommendation recommending that Defendant's Answer, along with its affirmative defenses, be stricken and that Plaintiff's Motion for Default Judgment be granted. Ignoring the Chief Magistrate

Judge's Orders, Defendant instead filed a Motion to Set Aside the Default.[1]

"When a litigant has been given ample opportunity to comply with court orders but fails to effect any compliance, the result may be deemed willful." *Compania*, 88 F.3d at 952. This is such a case. Defendant failed to comply with the Court's order to retain new counsel; did not timely respond to Plaintiff's Motion for Default Judgment; gave late notice of new counsel with no explanation; failed to comply with the Chief Magistrate Judge's Order to request leave to file an untimely response along with a proposed response to the Motion for Default Judgment; and ignored the Chief Magistrate Judge's Order to show cause why the Court should not enter a default judgment. Accordingly, the Court finds that Defendant has displayed a reckless and willful disregard for these judicial proceedings, and the Court need not make any additional findings in order to deny the relief requested. *See id.* at 951-52. Therefore, Defendant's Motion to Set Aside Default will be denied.

Regarding Plaintiff's Motion for Default Judgment, the Court has before it for consideration the Chief Magistrate Judge's Report and Recommendation dated December 5, 2013 (doc. 85). The parties have been furnished a copy of the Report and Recommendation and have been afforded an opportunity to file objections pursuant to Title 28, United States Code, Section 636(b)(1). Having considered the Report and Recommendation, and any objections thereto timely filed, The Court has determined that the Report and Recommendation should be adopted.

Accordingly, it is now **ORDERED** as follows:

1. The Chief Magistrate Judge's Report and Recommendation is adopted and incorporated by reference in this Order.

2. Defendant Titan Waste Services, Inc.'s Answer and Affirmative Defenses (doc. 10) are **STRICKEN**.

3. Defendant Titan Waste Services, Inc.'s Motion to Set Aside Default (doc. 86) is **DENIED**.

---

[1] This was filed four months after counsel's untimely appearance. In addressing his failure to comply with the Chief Magistrate Judge's Orders, Mr. Cameron represented to the Court that "Defendant is a victim of his own legal ineptness and limited financial resources."

Case No. 3:10cv379/MCR/EMT

4. Plaintiff Equal Employment Opportunity Commission's Motion for Default Judgment (doc. 73) is **GRANTED**.

5. The Clerk shall enter judgment in favor of Plaintiff Equal Employment Opportunity Commission, on behalf of Michael Brooks, and against Defendant Titan Waste Services, Inc., in the total amount of $228,603.75.

6. Plaintiff Equal Employment Opportunity Commission is awarded its reasonable court costs. Plaintiff is permitted to proceed on its demand for court costs as provided in Fed. R. Civ. P. 54(d) and N.D. Fla. Loc. R. 54.2.

7. The Clerk is directed to close the file.

**DONE and ORDERED** this 10th day of March, 2014.

*M. Casey Rodgers*
**M. CASEY RODGERS**
**CHIEF UNITED STATES DISTRICT JUDGE**