IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>TITAN WASTE SERVICES, INC.<br><br>Defendant. | CIVIL ACTION NUMBER:<br>3:10-cv-00379-MCR-EMT |

## MEMORANDUM OF COSTS

Plaintiff, Equal Employment Opportunity Commission ("EEOC" or the "Commission"), pursuant to Rule 54(d) of the Federal Rules of Civil Procedure, and Local Rule 54.2(A) submits this Memorandum in support of its Bill of Costs. The Commission seeks costs in the total amount of $2,912.25, as set out in its Bill of Costs filed contemporaneously herewith. An itemization of the nature of each cost and disbursement sought is set forth below in this Memorandum, and documentation of the requested costs is attached hereto as Exhibit A. All costs claimed were for services actually and necessarily performed in this action.

I.   BACKGROUND

On March 10, 2014, the Court granted the Commission's Motion for Default Judgment, ordered the Clerk to enter judgment in favor of the Commission in the total

amount of $228,603.75, awarded the Commission its reasonable court costs, and permitted the Commission to proceed on its demand for court costs as provided in Rule 54(d) of the Federal Rules of Civil Procedure and Local Rule 54.2. (Doc. 89, p. 4).

Pursuant to the Court's direction, the Clerk of this Court entered Judgment and an Amended Judgment, which, in part, permitted the Commission to proceed on its demand for court costs as provided in Rule 54(d) of the Federal Rules of Civil Procedure and Local Rule 54.2. (Doc. 90, 91).

Rule 54(d) of the Federal Rules of Civil Procedure provides for the taxation of costs. The Clerk of Court may tax costs on 14 days notice. Local Rule 54.2 of this Court requires a party to file a verified Bill of Costs, together with a notice of application to have the costs taxed and a memorandum of costs, within 10 days after the entry of final judgment.

Section 1920 of the United States Code identifies taxable costs. Section 1920 provides that a judge or clerk may tax as costs, among other things, "Fees for printed or electronically recorded transcripts necessarily obtained for use in the case …." 28 U.S.C. § 1920 (2).

Contemporaneously with the filing of this Memorandum, the Commission has filed its verified Bill of Costs requesting the Clerk to tax its deposition costs for transcripts obtained for use in this case in the total amount of $2,912.25. Documentation for these costs is attached to the Bill of Costs, and the costs are itemized below.

## II.     ITEMIZATION OF THE COSTS SOUGHT BY THE COMMISSION

The Commission seeks reimbursement of the following deposition costs:

**Fees for printed transcripts necessarily obtained for use in the case (documentation is attached hereto as Exhibit A)**

| Date | Description | Amount |
|---|---|---|
| 7/26/2011 | Wierzbicki Court Reporting Invoice #66284 for deposition of David Fenton | $884.50 |
| 11/14/2011 | Wierzbicki Court Reporting Invoice #67620 for deposition of Michael Brooks | $856.00 |
| 11/30/2011 | Wierzbicki Court Reporting Invoice #67853 for deposition of Lawrence Pellegrino | $761.50 |
| 2/8/2012 | Wierzbicki Court Reporting Invoice #68577 for deposition of Patrick Wilcox | $410.25 |
| | **TOTAL:** | **$2912.25** |

## III.    THE COMMISSION IS ENTITLED TO REIMBURSEMENT OF ITS DEPOSITION COSTS

The Court's power to tax costs is grounded in part in Rule 54(d)(1) of the Federal Rules of Civil Procedure, which states: "Unless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." *F. R. Civ. P.* 54(d)(1). Absent explicit statutory authorization, federal courts are limited to those costs specifically enumerated in 28 U.S.C. § 1920. *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 445 (1987). Section 1920 authorizes a judge or clerk of court to tax six items as costs:

(1) Fees of the clerk and marshal;

(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and costs of making copies of any materials where the copies are necessarily obtained for use in the case;

(5) Docket fees under section 1923 of this title;

(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920. A court may not award costs that exceed those permitted by § 1920. *See Glenn v. Gen. Motors Corp.,* 841 F.2d 1567, 1575 (11th Cir.1988).

As the language of Section 1920 makes clear, taxation of deposition expenses is authorized by 28 U.S.C. § 1920(2). *See E.E.O.C. v. W & O, Inc.,* 213 F.3d 600, 620 (11th Cir.2000). Pursuant to the Administrative Order of the United States District Court for the Northern District of Florida entered September 21, 2004, the Clerk will tax as costs the "[f]ees of a court reporter for attendance at, and for the original and a party's first copy of the transcript of, any trial, hearing, or deposition in the case at bar." *See* Administrative Order of the United States District Court for the Northern District of Florida, dated September 21, 2004, In Re: Allowable Items for Taxation of Costs, p.2 (available at www.flnd.uscourts.gov/forms). As the Commission's itemization and documentation reflect, the Commission seeks reimbursement for the court reporter's fees

for attendance, and for the original and one copy of the transcript of the depositions taken in this case and paid by the Commission. The Commission is entitled to reimbursement for these expenses.

## IV. CONCLUSION

For the foregoing reasons, the Clerk is requested to tax costs against Defendant in the total amount of $2,912.25.

Dated this the 13th day of March, 2014.

    Respectfully submitted,

C. EMANUEL SMITH
Regional Attorney
Mississippi Bar # 7473

JULIE BEAN
Supervisory Trial Attorney
DC Bar # 433292

/s/ Gerald L. Miller
GERALD L. MILLER
Senior Trial Attorney
(AL Bar No.: ASB-1454-E52G)
205-212-2047
gerald.miller@eeoc.gov

MANEESH VARMA
(DC Bar #988521)
Trial Attorney

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
Birmingham District Office
Ridge Park Place, Suite 2000
1130 22nd Street South
Birmingham, AL 35205

                                                Telephone: (205) 212-2045
                                                Facsimile:  (205) 212-2041

## **CERTIFICATE OF SERVICE**

      I hereby certify that on March 13, 2014, I filed the foregoing with the Clerk of Court using the CM/ECF system which will electronically send notification of the filing to all attorneys of record.

                                                <u>/s/ Gerald L. Miller</u>
                                                Gerald L. Miller